**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

          Plaintiffs,

vs.

BRET ALAN HUMPRIES,

          Defendant.

2:14-cr-00279-APG-VCF

**REPORT AND RECOMMENDATION**

Before the Court is Humpries' Motion to Dismiss Indictment Due to the Suppression of Unconstitutionally Obtained Statements (ECF No. 137), Government's response to defendant's motion to dismiss indictment due to the suppression of unconstitutionally obtained statements (ECF No. 141), and Humpries' reply to government's response to motion to dismiss indictment (ECF No. 142).

The Court has granted Humpries a temporary exemption to Local Rule IA 11-6(a). (ECF No. 140). Humpries has filed his own motion to dismiss indictment due to the suppression of unconstitutionally obtained statements, asserting that, without the confession, the government would not have been able to indict him solely on the forensic report and if the indictment is dismissed, he believes that he could not be re-indicted. (ECF No. 137).

The government argues that Humpries has not cited any cases to support his motion and the motion also fails as a matter of law. (ECF No. 141). Under LCR 47-3, [t]he failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion. Here, Humpries has not cited to any case law to support his motion.

In *United States v. Calandra*, 414 U.S. 338, (1974), the Supreme Court held that [t]he grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character

of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination. *Id.* at 345. The court agrees. Based on the nature of this case, it is most likely that the grand jury were presented other evidence from law enforcement officers. The government stated that, [l]aw enforcement officers directly connected to a computer at the IP address using peer-to-peer file-sharing programs, and they downloaded from that computer a video constituting child pornography. (ECF No. 141 at 3).

Accordingly,

IT IS RECOMMENDED that Humpries' Motion to Dismiss Indictment Due to the Suppression of Unconstitutionally Obtained Statements (ECF No. 137) is DENIED.

DATED this 13th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE