**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>BRET ALAN HUMPHRIES,<br><br>　　　　　　Defendant. | Case No. 2:14-cr-00279-APG-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO DISMISS INDICTMENT [ECF NO. 150] |

Before the Court is Defendant Bret Humphries' Motion to Dismiss Indictment for Failure to State an Offense. (ECF No. 150). For the reasons stated below, Defendant's motion should be denied.

On August 19, 2014, Defendant was indicted on one count of receipt and/or distribution of child pornography. (ECF No. 150-1). The indictment alleges that "[b]etween on or about October 4, 2011 and on or about August 30, 2012," Defendant

> did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that was mailed, and using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b).

(ECF No. 150-1 at 1). The indictment also contains a forfeiture allegation covering "all property, real and personal, used and intended to be used to commit and promote the commission of these offenses," including specific computers and USB drives. (*Id.* at 2).

On January 4, 2018,[1] Defendant moved to dismiss the indictment for failure to state an offense. (ECF No. 150).  Defendant argues "the Indictment fails to iterate the specific violation of the statute that Mr. Humphries is alleged to have committed." (*Id.* at 2).  Defendant asserts the indictment's

> failure to specify the images at issue or the failure to set forth the elements necessary to constitute the offense in this case prevents Mr. Humphries from properly preparing a defense to the charge because defending against the allegation of "receipt of child pornography" requires a different defense strategy than defending against the allegations of either "distribution of child pornography" or "receipt and distribution of child pornography."

(*Id.* at 4).

In opposition, the Government argues Defendant's motion is actually "a years-too-late Motion for Bill of Particulars, under Federal Rule of Criminal Procedure 7(f)." (ECF No. 151 at 4).  The Government asserts it does not need to charge specific images in the indictment, as citing the relevant statute "necessarily informs the Defendant of the elements requires to prove his guilt." (*Id.* at 7-9).

"On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  "In judging the sufficiency of the indictment we look to 'whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case.'" *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)). "[W]here the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,-it must descend to particulars.'" *Russell v. United States*, 369 U.S. 749, 765

---

[1] The Court notes that this motion was filed less than three weeks before trial was scheduled. (ECF No. 149).  Trial had been rescheduled several times prior to this motion (*see* ECF Nos. 121, 128, and 144), and the trial has since been continued to May 7, 2018.  (ECF No 153).

(1962) (quoting *United States v. Cruikshank*, 92 U.S. 542, 544 (1875)).  "The court must look at the indictment as a whole, include facts which are necessarily implied, and construe it according to common sense." *Kaplan*, 836 F.3d at 1199.

Defendant argues that the indictment's citation to 18 U.S.C. § 2252A(a)(2) is ambiguous because the statute covers (1) receipt, (2) distribution, or (3) a combined act of receipt and distribution. (ECF No. 150 at 2).  Assuming *arguendo* that the statute contains generic terms that need further clarification, the indictment in this case is not ambiguous.  The indictment states Defendant "did knowingly receive and distribute child pornography." (ECF No. 150-1 at 1, emphasis added).  By alleging receipt and distribution, the Government has given Defendant adequate notice of the charge he faces.

Defendant also argues that the Government was required to enumerate in the indictment the specific images Defendant allegedly received and distributed. (ECF No. 150 at 4).  However, there is no case on point that states an indictment is inadequate without this particular information.  The indictment in this case contains sufficient factual allegations regarding (1) the timing of the alleged offense and (2) the form that the alleged offense took.  Reading the indictment as a whole, the forfeiture allegations make it clear that digital images are involved in this case. (ECF No. 150-1 at 2).  Therefore, the indictment has fairly informed Defendant of the charge against him.

ACCORDINGLY, and for good cause,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Indictment (ECF No. 150) be DENIED.

DATED this 18th day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE